AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Federico Guillermo Klein ) | Case No.   21-mj-269 (GMH) |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

☐ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

## Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision

- ❏ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ❏ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties
- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

## C. OTHER REASONS OR FURTHER EXPLANATION:

### The defendant's evidence/arguments for release:

Mr. Klein first argued that the charged offenses are not crimes of violence eligible for detention, and argued for his release due to possible misidentification and the less severe nature of his alleged actions. Mr. Klein explained that the government has no evidence to suggest the intent behind his presence at the Capitol. Mr. Klein emphasized that the photographs provided by the government are unclear and insufficient to adequately identify him as being at the Capitol on January 6th. Mr. Klein explained that the majority of people who identified the person in the "wanted" photo, identified a different person than Mr. Klein. Mr. Klein further commented that while one colleague identified him at the Capitol, there is no evidence regarding the validity or means of such identification. Mr. Klein asserted that the government rests their accusations on speculative evidence and the inconsistencies regarding his identification (including the two different hats worn by the suspect) further cast doubt on his presence at the Capitol. Mr. Klein also stated that seventeen individuals with substantively stronger cases for detention have been recently released by the court. These individuals were released despite the significant harm they caused to officers and government property. Lastly, Mr. Klein emphasized that there was no evidence that indicates he attempted to disrupt the lawful progression of government or that he committed any harmful act which would lead the Court to believe he is a danger to the community. Mr. Klein further concludes that the government has solely offered his alleged participation on January 6th as justification for his detention.

### Nature and circumstances of offense(s):

Due to his unlawful and disorderly behavior at the U.S. Capitol Grounds, Mr. Klein is charged with two felonies and additional misdemeanors for associated conduct. These felonies include obstruction of justice/Congress and assaulting, resisting or impeding officers, using a dangerous weapon. Based upon Mr. Klein's statement regarding his desire for a fair election and his presence at the Capitol during the exact time the electoral college certification was occuring, it is reasonable to infer that his presence was due to his errorenous belief that the election was fraudulent. Based upon these beliefs, the defendant placed himself within a chaotic riot with numerous individuals who had the uniform intent to stop the lawful process of democracy. This chaos was entirely self-induced and therefore its existence is not a justifiable excuse for the behavior that occurred. The evidence presented further suggests that the defendant was located in one of the most dangerous, violent areas of the riot. Mr. Klein wielded a police sheild during this time. As noted by the Chief Judge, the actions of the violent mob "are reprehensible as offenses against morality, civic virtue, and the rule of law." U.S. v. Chestman, 21-mj-218. The serious nature of Mr. Klein's offense cannot be understated. This factor weighs in favor of detention.

### The strength of the government's evidence:

This is the least weighty factor, but the evidence presented is very strong. A state department employee who was very familiar with Mr. Klein identified him in a video taken at the Capitol. Additional cell phone evidence corroborates the defendant's location at the Capitol on the day of the riots. Lastly, through additional witnesses' statements, the government has taken the necessary steps to ensure that the individual identified by the FBI moniker "136-AFO" was in fact Mr. Klein.

The defendant's history and characteristics, including criminal history:

Mr. Klein's role as a government official with both top secret security clearance and military experience create a significant concern about his characteristics. Mr. Klein swore to defend the Constitution of the United States against all enemies foreign and domestic yet he participated in a domestic attack to halt the lawful process of democracy. Given Mr. Klein's government position and past military experience, he had reason to know the acts he committed were wrong. His conduct is particularly troubling given his position of trust and that he acter as a leader in the riots directing people to push forward.  Mr. Klein maintains the ability to influence others to act in a way that is detrimental to the lawful administration of democracy and law. This factor weighs in favor of detention.

The defendant's dangerousness/risk of flight:

Given the evidence presented, the Court finds that Mr. Klein assaulted police officers on January 6th. The fact that it remains unclear how Mr. Klein came into the possession of the police shield is irrelevant. Mr. Klein's acts of taking the police shield and using the equipment against law enforcement in an attempt to force his way into the Capitol tunnel demonstrates a lack of belief in the rule of law. The nature of this incident and Mr. Klein's associated actions show his dangerousness to the broader community and thus detention is warranted. That the Capitol grounds are currently heavily fortified and prepared for future incursions reflects that leaders have ascertained that a risk still exists for future violent conduct. Given Mr. Klein's role leading a wave of the attack, the Court is concerned about future dangerous riots involving him.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 03/16/2021                                     2021.03.16 09:23:53 -04'00'

United States Magistrate Judge